INTERIOR TRAILS PRESERVATION COALITION, Petitioner,

v.

Greg SWOPE and Donna Swope, Respondents.

No. S–11323.

Supreme Court of Alaska.

June 24, 2005.

Michael C. Kramer, Cook Schuhmann & Groseclose, Inc., and David F. Leonard, Law Office of David F. Leonard, Fairbanks, for Petitioner.

Peter J. Aschenbrenner, Aschenbrenner Law Offices, Inc., Fairbanks, for Respondents.

Before: BRYNER, Chief Justice, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

BRYNER, Chief Justice.

## I. INTRODUCTION

The Interior Trails Preservation Coalition brought an action against Greg and Donna Swope claiming a public prescriptive easement over the Swopes' property for recreational use. The superior court dismissed the action, concluding as a matter of law that the Coalition was incapable of prevailing on its claim because it had not been in existence for ten years—the minimum time required to establish its continuing use of the alleged easement. We reverse, holding that because the Coalition claimed a public easement, it was not required to prove its own continuous use of the land and could instead establish its claim by evidence showing continuous public use.

## II. FACTS AND PROCEEDINGS

Greg and Donna Swope bought a parcel of land near the Skyline Ridge Trail in Fairbanks in 1997. After seeing a number of people cross their land, the Swopes posted a "no trespassing" sign and erected a barrier to keep trespassers off. But some people apparently continued to cross over the land.

In 2002 several Fairbanks area residents created the Interior Trails Preservation Coalition, a non-profit corporation established to keep local recreational trails open to the public. The Coalition filed a complaint in the superior court, seeking to establish a public prescriptive easement over the Swopes' property. The complaint alleged that a pathway leading to the Skyline Ridge Trail passes through the Swopes' property and has been used by the public since the 1950s.

The Swopes moved to dismiss the complaint, contending that the Coalition lacked standing to claim a prescriptive easement and that it could not prove its claim in any event, since the Coalition had not been in existence long enough to meet the ten-year period of continuous use necessary to establish a prescription. The superior court granted the Swopes' motion, concluding that the Coalition lacked standing because it had neglected to allege that any of its members could maintain the action on their own and

because it had been in existence for less than ten years. The Coalition moved for reconsideration, submitting an affidavit of one of its members who claimed to have used the trail for "many years." The superior court declined to reconsider its ruling, and the Coalition petitioned for review. We granted the petition and now reverse the order of dismissal.

## III. DISCUSSION

■ The main issue presented for our review is whether a corporate organization like the Coalition can maintain an action for a public prescriptive easement even though the organization has not been in existence long enough to engage in the ten-year period of continuous use needed to establish a prescriptive easement.[1] Stated differently, the question is whether the Coalition must establish the prescriptive easement by proof of its own continuous use.

■ Obtaining rights in another's property by prescription is similar to obtaining rights by adverse possession.[2] "Both doctrines permit acquisition of property rights through the passage of time, if certain conditions are met, but prescription is applied to servitudes while adverse possession is applied to possessory estates."[3] Thus, the focus in a prescriptive easement claim is on "use," whereas the focus in an adverse possession case is on "possession."[4]

■ The two doctrines differ slightly in other respects as well.[5] To acquire an interest through adverse possession, the claimant ordinarily must prove ten years of adverse and exclusive possession.[6] In contrast, while a prescriptive easement similarly requires ten years of continuous use,[7] "[t]he use need not be, and frequently is not, exclusive" for prescription.[8]

■ Prescriptive easements may be obtained either by private individuals or by the general public.[9] "The required elements are the same for public and private prescriptive easements. The only difference is that a public prescriptive easement requires qualifying use by the public, while a private prescriptive easement requires qualifying use only by the private party."[10] A prescriptive easement obtained by a private person gives only that person the right to continued use,[11]

---

1. A secondary issue arose from the superior court's additional ruling that the Coalition failed to establish associational standing under *Alaskans for a Common Language, Inc. v. Kritz*, 3 P.3d 906 (Alaska 2000), because it neglected to offer evidence that any of its members could sue for the prescriptive easement in their own right. In moving for reconsideration, however, the Coalition addressed this problem by submitting the affidavit of a member professing to have used the trail across the Swopes' land for recreational purposes "for many years." Hence, although it is questionable whether an associational standing requirement extends beyond the context of voting-rights cases like the one at issue in *Kritz*, even if it does, the Coalition has now cured the deficiency, and we find no need to address the issue here.

2. *See* RESTATEMENT (THIRD) OF PROP: SERVITUDES § 2.17, cmt. a (2000).

3. *Id.*

4. *See McGill v. Wahl*, 839 P.2d 393, 397 n. 8 (Alaska 1992) ("Adverse possession however focuses on 'possession' rather than 'use.' ").

5. RESTATEMENT (THIRD) OF PROP: SERVITUDES § 2.17, cmt. a (2000).

6. *See* AS 09.10.030 (establishing ten-year period for adverse possession absent color of title).

7. *See McGill*, 839 P.2d at 397 (noting that "[t]he required period of adverse use is ten years" for an adverse possession claim under AS 09.10.030, which is the same for prescription).

8. RESTATEMENT (THIRD) OF PROP: SERVITUDES § 2.17, cmt. a (2000); *see also McGill*, 839 P.2d at 398 ("Exclusivity of use is not generally a requirement for a prescriptive easement as it is for a claim of adverse possession.").

9. *See* Jon W. Bruce and James W. Ely, Jr., *The Law of Easements and Licenses in Land* § 5:24 (2004).

10. *Brimstone Mining, Inc. v. Glaus*, 317 Mont. 236, 77 P.3d 175, 181 (2003) (internal citations omitted).

11. *J.F. Gioia, Inc. v. Cardinal American Corp.*, 23 Ohio App.3d 33, 491 N.E.2d 325, 330 (1985) ("A landowner obtains an easement by prescription for a specific use of his neighbor's property when he uses that property in that manner" sufficient to satisfy the elements of a prescriptive easement.).

whereas a prescriptive easement obtained by the general public gives the right of use to the public at large.[12]

■ Alaska courts have long recognized prescriptive easement claims brought on behalf of the general public as well as private individuals.[13] To succeed on a prescriptive easement claim, a claimant must show that (1) the use was continuous and uninterrupted for the same ten-year period that applies to adverse possession; (2) the claimant acted as an owner and not merely as a person having the permission of the owner; and (3) the use was reasonably visible to the record owner.[14] The claimant must prove each element by clear and convincing evidence.[15]

Here, the Coalition contends that the public has used a pathway that runs through the Swopes' property since the 1950s to gain access to the Skyline Ridge Trail, and that this use established a prescriptive easement in the 1960s that continues today. In dismissing the Coalition's complaint, the court noted that "[t]he association has not as an entity used the trail. Indeed, from the affidavits filed by the parties, the Swopes barricaded and prevented public use of their property *before* the association was incorporated." (Emphasis in original.) Because the Coalition could not have engaged in ten years of continuous use, the court concluded that it could not establish its prescriptive easement claim.

The Coalition argues that the trial court's ruling confuses claims for private prescriptive easements, which seek to establish individual rights of use, with claims for public prescriptive easements, which seek to establish public rights. The Coalition contends

that if continuous use by one user were required to establish public prescriptive easements, then public easements could never be obtained, because the individual user could always claim a private easement instead. Because of the settled principle that the scope of a prescriptive easement is limited to the manner in which it was established,[16] the Coalition contends, the court would be obliged to limit the easement to the individual user, thus effectively eliminating any chance of recognizing a public prescriptive use.

The Swopes respond by citing the case relied on by the superior court: our recent opinion in *Price v. Eastham.*[17] In the Swopes' view, *Price* settles this issue by holding that an organization cannot bring a public prescription claim if it has not been in existence for the ten-year period required to establish continuous adverse use. But the Swopes misread *Price.*

In *Price,* a group of snowmachiners asserted that recreational users had used a trail over Price's property since approximately 1956, and thus had established a prescriptive easement over Price's land.[18] On appeal, we held that the snowmachiners had presented sufficient evidence to support the trial court's finding that the public had established a prescriptive easement over Price's land.[19] In the opening part of our opinion, we described the procedural history of the case, noting that the complaint was originally filed by a corporation called Snomads, Inc., which was subsequently replaced by individual plaintiffs:

---

12. *See Elmer v. Rodgers,* 106 N.H. 512, 214 A.2d 750 (1965) (holding that public established a prescriptive easement over church's property even where plaintiff, in his own right, would not be able to satisfy requirements for prescription).

13. *Compare McDonald v. Harris,* 978 P.2d 81 (Alaska 1999) (upholding a private prescriptive easement), *with Price v. Eastham,* 75 P.3d 1051 (Alaska 2003) (upholding a public prescriptive easement).

14. *Dillingham Commercial Co., Inc. v. City of Dillingham,* 705 P.2d 410, 416–17 (Alaska 1985) (citing *Alaska Nat'l Bank v. Linck,* 559 P.2d 1049, 1052 (Alaska 1977)).

15. *McDonald,* 978 P.2d at 83.

16. *See* RESTATEMENT (THIRD) PROP.: SERVITUDES § 4.10 cmt. d (2000) (The scope of a prescriptive easement is "defined specifically so that only the use that created the easement and closely related ancillary uses are included within the purpose.").

17. 75 P.3d 1051 (Alaska 2003).

18. *Id.* at 1053.

19. *Id.* at 1059.

Snomads as an entity did not survive this litigation. Because the recreational group only incorporated in 1992, and because it takes ten years of use to show a prescriptive easement, Snomads, Inc. was not a viable plaintiff in a 1999 action. Consequently, Mike Eastham, a Snomads member, amended the complaint deleting Snomads as a party and substituting ninety-one individual plaintiffs.[20]

In the present case, the superior court interpreted this description as a holding; that is, it viewed *Price* as actually having decided that Snomads, Inc., had to be replaced by individual plaintiffs because a public prescriptive easement could only be established through proof of an individual user's continuous use. But *Price* did not rule on this proposition. The issue did not arise in *Price*, and we did not purport to resolve it in our opinion. Although it certainly might have been more clearly stated, *Price's* description of procedural history was just that—a description—and signified nothing more.

On appeal, the Swopes cite no other authority holding that a plaintiff cannot establish a public prescriptive easement by relying on evidence of continuous use by other members of the general public. We have found no cases that support this conclusion; in fact, case law points to the opposite conclusion. In *Elmer v. Rodgers*,[21] for example, an individual plaintiff brought suit claiming that the public had acquired a prescriptive easement over a church's property. The New Hampshire Supreme Court found that evidence showing twenty years of general public use of the church's land to gain access to a nearby beach was sufficient to establish a public prescriptive easement, even though the individual plaintiff failed to prove sufficient personal use to establish a private easement. In other words, the New Hampshire Supreme Court held, the plaintiff was not precluded "from relying on and asserting the prescriptive right of the general public."[22]

The situation here is analogous to the one at issue in *Elmer v. Rodgers*. To establish a public prescriptive easement, the Coalition was required to prove continuous use by the public in general, not use by the organization itself or by any individual member.[23] Like the individual plaintiff in *Elmer*, the Coalition was not precluded "from relying on and asserting the prescriptive right of the general public."[24]

We thus hold that it was error to dismiss the complaint on the ground that the Coalition had not been in existence for ten or more years.[25]

## IV. CONCLUSION

For these reasons, we REVERSE the superior court's order of dismissal.

MATTHEWS, Justice, not participating.

---

**20.** *Id.* at 1054.

**21.** 106 N.H. 512, 214 A.2d 750 (1965).

**22.** *Id.* at 752.

**23.** *See Southeastern Pennsylvania Transp. Auth. v. Pennsylvania Pub. Util. Comm'n*, 95 Pa.Cmwlth. 341, 505 A.2d 1046, 1049 (1986); *see also Williams v. Harrsch*, 297 Or. 1, 681 P.2d 119, 122–23 (1984).

**24.** *Elmer*, 214 A.2d at 752. We note that Alaska law generally treats corporations as having "all the powers of a natural person carrying out its business activities, including, without limitation, the power to . . . sue and be sued in its corporate name." AS 10.06.010(2).

**25.** The Swopes advance several alternative grounds for affirming the superior court's order. For instance, they argue that the doctrine of primary jurisdiction allows only the North Star Borough Advisory Trail Commission to create trails within the Fairbanks area and that, under article I, section 18 of the Alaska Constitution, state courts cannot create public rights by adverse possession without also paying just compensation. But the superior court narrowly grounded its order of dismissal on the Coalition's perceived lack of standing and inability to prove continuity under *Price v. Eastham*. Because these were the only issues raised in the petition and the only ones on which we granted review, we decline to express any opinion on the alternative grounds raised by the Swopes.